JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:21-cv-01020-RGK-SHK | Date | January 4, 2022 |
|---|---|---|---|
| Title | *Patricia Lujan v. Festival Fun Parks, LLC et al* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:          Attorneys Present for Defendants:

Not Present                                                Not Present

**Proceedings:**    **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 24]**

## I.   INTRODUCTION

On November 23, 2020, Patricia Lujan ("Plaintiff") filed a complaint in Riverside County Superior Court against Festival Fun Parks, LLC ("Defendant"), asserting a personal injury claim arising from a slip and fall at Defendant's miniature golf course. (*See* Compl., ECF No. 1-1.) Defendant subsequently removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1.) Presently before the Court is Plaintiff's Motion to Remand this case. (ECF No. 24.) For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.   JUDICIAL STANDARD

A defendant may remove a case from state to federal court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states, and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). When a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). All factual allegations in the complaint are evaluated in the light most favorable to the plaintiff. *Saridakis v. United Airlines*, 166 F.3d 1272, 1275–76 (9th Cir. 1999).

Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. A court "resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2000).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-01020-RGK-SHK | Date | January 4, 2022 |
|---|---|---|---|
| Title | *Patricia Lujan v. Festival Fun Parks, LLC et al* | | |

### III. DISCUSSION[1]

The parties dispute whether they are completely diverse. While they agree that Plaintiff is a citizen of California, Plaintiff contests Defendant's assertion that Defendant is *not* also a citizen of California. Defendant contends that it is "incorporated in the State of Delaware" and "has its principal place of business in West Mifflin, P[ennsylvania]." (Notice of Removal ¶ 7.) If Defendant was a corporation, its place of incorporation or business would be relevant; but Defendant is a limited liability company ("LLC"). It is elementary that an LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). It is not a citizen of the state in which it was formed or does business. *Id*. Therefore, whether Plaintiff and Defendant are diverse depends on the citizenship of Defendant's members.

Defendant does not name its members in the Notice of Removal. However, Plaintiff attached several exhibits to her Motion that demonstrate Defendant's membership as of June 17, 2020. (*See, e.g.,* Giannamore Decl., Ex. G, ECF No. 25-7.) Although the inquiry is whether complete diversity existed when the complaint was filed (on November 23, 2020) and at the time of removal (on June 17, 2021), these exhibits are strong evidence of Defendant's citizenship on both of those dates. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002). The exhibits indicate that Defendant's sole member is Palace Entertainment Holdings, LLC and that Palace Entertainment Holdings' sole member is Centaur United States Holdings, Inc. ("Centaur"). (Sec'y of State Statements of Info., Giannamore Decl., Exs. G–I, ECF Nos. 25-7, 25-9–10.) The relevant inquiry therefore becomes whether Centaur is a citizen of California or not, which turns on where Centaur was incorporated and/or has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

According to a Statement of Information filed with the California Secretary of State, Centaur's principal place of business is in California. (Giannamore Decl., Ex. K, ECF No. 25-11.) Centaur is therefore a citizen of California. Because one of Defendant's members is a citizen of California, Defendant is also a citizen of California. Plaintiff and Defendant are therefore not completely diverse, and as such, the Court lacks subject matter jurisdiction.

---

[1] The Court struck Defendant's opposition because it was filed ten days late, and then denied Defendant's *ex parte* request for leave to file a late opposition because Defendant failed to show good cause. (ECF Nos. 33, 38.) The Court therefore considers only Plaintiff's Motion and Defendant's Notice of Removal in its analysis.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-01020-RGK-SHK | Date | January 4, 2022 |
|---|---|---|---|
| Title | *Patricia Lujan v. Festival Fun Parks, LLC et al* | | |

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this case to Riverside County Superior Court.

**IT IS SO ORDERED.**

_____ : _____